**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

————————————————————— :
In re:                                              :        Civil Action No. 09-1090 (JAP)
                                                    :        Bankr. Case No. 08-25913 (KCF)
                                                    :
Christian Athanassious,                             :
                                                    :        **OPINION**
      Debtor.                                 :
————————————————————— :
                                                    :
Carol Palmer,                                       :
                                                    :
      Petitioner,                             :
                                                    :
v.                                                  :
                                                    :
Christian Athanassious,                             :
                                                    :
      Respondent.                             :
                                                    :
————————————————————— :

PISANO, District Judge:

      Pursuant to 28 U.S.C. § 158(a), Appellant Carol Palmer ("Palmer") has appealed the

United States Bankruptcy Court's January 21, 2009 Order granting Appellee Christian

Athanassious's ("Athanassious") motion for reconsideration and vacating its earlier order

granting Palmer an extension of time to file a motion under section 707 and/or complaint under

section 523 and/or section 727 of the United States Bankruptcy Code.  The issue presented in the

instant appeal is whether the Bankruptcy Court erred when it denied Palmer's motion for an

extension of time to file a motion under section 707 and/or complaint under section 523 and/or

section 727 of the United States Bankruptcy Code.  As explained below, the Court holds that the

Bankruptcy Court correctly denied Palmer's motion.  Accordingly, the order of the Bankruptcy

Court is affirmed.

I.     **BACKGROUND**

Athanassious struck Palmer with his Jeep Cherokee while she was crossing a street in the City of Philadelphia on October 17, 2007.  The Jeep Cherokee driven by Athanassious was not insured.  Palmer sustained serious injuries as a result of the accident and collected $100,000.00 from her automobile insurer, exhausting her uninsured motorist coverage.  The money received from her automobile insurer covered some, but not all, of Palmer's medical bills.  Palmer filed a personal injury law suit against Athanassious in the Philadelphia Court of Common Pleas[1] during the March Term 2008.[2]

On August 22, 2008, Athanassious filed a voluntary Chapter 7 bankruptcy petition (the "Petition") in the United States District Court for the District of New Jersey.[3]  Palmer was listed among Athanassious's creditors in the Petition.  A-13.  A Meeting of Creditors was conducted before the bankruptcy trustee on October 10, 2008.  A-34.  Palmer's personal injury attorney attended the meeting and questioned Athanassious on her behalf.  A-34.  After several minutes of questioning by Palmer's attorney, the trustee advised counsel that because the questions being asked concerned Palmer's personal injury claim they should be asked outside the Meeting of Creditors.  A-37.  At the conclusion of the October 10, 2008 Meeting of Creditors, Palmer's attorney announced that he planned to depose Athanassious.  A-37.

On November 19, 2008, Palmer's bankruptcy attorney requested that Athanassious make himself available for a deposition pursuant to Federal Rule of Bankruptcy Procedure 2004.  A-37.  On November 21, 2008, Palmer's attorney was advised by letter that Athanassious was

---

1       Civil Docket No. 001076.
2       Facts related to Palmer's personal injury suit against Athanassious are taken from the Factual Background in Palmer's appellate brief.
3       Bankruptcy Docket No. 08-25913 (KCF).

available on December 2, 2008.  On November 24, 2008, Palmer filed a motion for an extension

of time to file a motion under section 707 and/or complaint under section 523 and/or section 727

of the United States Bankruptcy Code asserting that "counsel was unable to complete the

examination of Appellee and requires more documents to complete the investigation" as the sole

basis for relief.  A-34.  Palmer did not respond to Athanassious's letter concerning the December

2, 2008 deposition date prior to filing the motion.   The last day to oppose Athanassious's

discharge was December 9, 2008.[4]

On December 15, 2008, the Bankruptcy Court held a hearing on Palmer's motion.

Athanassious's attorney did not appear due to a docketing error and Palmer's motion was granted

after very limited oral argument.  A-40; A-56.  When Athanassious's attorney learned of the

hearing and its outcome, he immediately filed a motion for reconsideration.  On January 12,

2009, the Bankruptcy Court heard argument on Athanassious's motion for reconsideration, and

in an opinion on the record granted Athanassious's motion for reconsideration and vacated the

court's earlier order granting Palmer's motion for an extension of time to file a motion under

section 707 and/or complaint under section 523 and/or section 727 of the United States

Bankruptcy Code.  A-45.

## II.    JURISDICTION AND STANDARD OF REVIEW

The Court has jurisdiction over this appeal pursuant to Rule 8001(a) of the Federal Rules

of Bankruptcy Procedure and 28 U.S.C. § 158(a).  Appellate courts review "the bankruptcy

court's legal determinations *de novo,* its factual findings for clear error and its exercise of

discretion for abuse thereof."  *In re United Healthcare System, Inc.*, 396 F.3d 247, 249 (3d Cir.

---

4        "In a chapter 7 liquidation case a complaint objecting to the debtor's discharge under § 727(a) of the Code
shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)."  Fed. R. of
Bkpt P. 4004(a).

2005) (quoting *In re Trans World Airlines, Inc.*, 145 F.3d 124, 130-31 (3d Cir. 1998)).  The issue presented in this appeal is equitable in nature and is reviewed for an abuse of discretion.  *James v. Richman*, 547 F.3d 214, 217 (3d Cir. 2008) (decisions granting or denying equitable relief are reviewed for abuse of discretion).

A decision on a motion for reconsideration is reviewed using the standard applicable to the underlying judgment.  *McAlister v. Sentry Ins. Co.*, 958 F.2d 550, 552-53 (3d Cir. 1992).  Here, the relief sought in the underlying motion is equitable in nature.  Therefore, this Court will review the bankruptcy court's decision to grant Athanassious's motion for reconsideration for an abuse of discretion.  *James*, *supra*, 547 F.3d at 217.

## III.    DISCUSSION

In order to prevail, a party seeking reconsideration of a court's order must establish at least one of the following three grounds for relief: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [entered the order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).  In the present appeal, the bankruptcy judge granted Athanassious's motion for reconsideration after finding that denying the motion would result in manifest injustice.  The Bankruptcy Court reasoned that "[i]t would be a manifest injustice to go forward" given the limited oral argument that was heard at the original motion hearing due to absence of Athanassious's counsel.  The bankruptcy judge properly exercised her discretion when she concluded that denying Athanassious an opportunity to be heard on Palmer's motion would result in a manifest injustice. Therefore, the bankruptcy court's decision to grant the motion for reconsideration is affirmed.

The bankruptcy court's decision to vacate its earlier decision to grant Palmer's motion for

an extension of time to file a motion under section 707 and/or complaint under section 523 and/or section 727 of the United States Bankruptcy Code is likewise affirmed.  Palmer's motion sought a 60 day extension of time to take discovery and file a complaint objecting to discharge. The court may "for cause extend the time to file a complaint objecting to discharge" provided the motion is filed before the time has expired.  Fed. R. Bankr. P. 4004(b); 4007(c).  Courts interpret the for cause requirement in one of two ways.  The first applies a strict interpretation and requires a substantial showing of cause.  *See In re Grillo*,  212 B. R. 744 (Bankr. E.D.N.Y. 1997).  The second takes a more liberal view and holds that an extension should be granted if cause is asserted.  *See Matter of Amezaga*, 192 B.R. 37 (Bankr. D.P.R. 1996).

        In this case, the bankruptcy judge determined that even when applying the liberal standard Palmer failed to show cause why an extension should be granted. A-58.  The Bankruptcy Court found that Palmer offered no reason why she could not have completed discovery and filed an objection to Athanassious's discharge within time prescribed by the rule. Nothing in the facts indicates that Athanassious was uncooperative; he immediately responded to Palmer's request for a deposition and offered at least one date prior to the expiration of the objection period on which his deposition could be taken.   Therefore, this Court concludes that the bankruptcy judge did not abuse her discretion when she vacated her earlier decision to grant Palmer's motion.

**IV.     CONCLUSION**

        For the forgoing reasons, the Bankruptcy Court's January 21, 2009 order granting Athanassious's motion for reconsideration and vacating its earlier order granting Palmer an extension of time to file a motion under section 707 and/or complaint under section 523 and/or section 727 of the United States Bankruptcy Code is affirmed.  An appropriate order

accompanies this opinion.

/s/ Joel A. Pisano

JOEL A. PISANO, U.S.D.J.

Dated:  November 6, 2009